1

2

3

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY 1 7 2013

CENTRAL DISTRICT OF CALIFORNIA
BY Shy DEPUTY

4

5

6

7                   UNITED STATES DISTRICT COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

9                          WESTERN DIVISION

10

11  CLARENCE A. GIBSON,              )   Case No.  CV 13-03000 VAP (AN)
                                     )
12              Petitioner,          )   **ORDER TO SHOW CAUSE RE**
                                     )   **DISMISSAL OF PETITION FOR**
13         v.                        )   **WRIT OF HABEAS CORPUS BY A**
                                     )   **PERSON IN STATE CUSTODY AS**
14  G. D. LOUIS, Warden PBSP,        )   **TIME-BARRED**
                                     )
15              Respondent.          )
                                     )
16                                   )
                                     )
17  ─────────────────────────────── )

18                          **I. BACKGROUND**

19        Before the Court is a petition for writ of habeas corpus ("Petition") brought by

20  Clarence A. Gibson[1] ("Petitioner"), a state prisoner proceeding *pro se*. The Petition

21  is brought pursuant to 28 U.S.C. § 2254 and, liberally construed, raises two claims

22  directed at a 29-year-to-life sentence that was imposed on February 7, 1992, pursuant

23  to Petitioner's conviction in the California Superior Court for Los Angeles County.

24  Petitioner was convicted of first degree murder and second degree robbery with a

25  firearm enhancement (case no. BA016268).

26  ───────────────────────

27        [1]     Petitioner spells his last name "Gipbsin" in the Petition, however, the

28  records he attaches establish the correct spelling of his last name is "Gibson."

For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is considerably time-barred.

## II. DISCUSSION

### A.     Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte* if the court gives the petitioner adequate notice and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B.     Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period is triggered by "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

However, where the conviction became final before AEDPA's enactment, a petitioner had until April 24, 1997, to file a federal habeas petition. *See Lindh v. Murphy*, 521 U.S. 320, 322, 117 S. Ct. 2059 (1997) (AEDPA was signed into law on April 24, 1996); *see also Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001)

1  (the one-year grace period for challenging convictions finalized before AEDPA's
2  enactment ended on April 24, 1997).

3      The face of the Petition, attached exhibits, and relevant state court records[2/]
4  establish the following facts. Petitioner was convicted of the above offenses on
5  September 11, 1991, and sentenced on February 7, 1992. On December 27, 1993, the
6  California Court of Appeal affirmed the judgment (case no. B066355). The California
7  Supreme Court then denied review of the court of appeal's decision on March 23,
8  1994 (case no. S037699). Petitioner has not alleged, and it does not appear, that he
9  filed a petition for certiorari with the United States Supreme Court. (Pet. at 2; state
10  court records.)

11      Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment
12  became final on June 21, 1994, the ninetieth day after the state high court denied his
13  petition for review and the last day for him to file a petition for certiorari with the
14  Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Because the
15  conviction became final before AEDPA's April 24, 1996 enactment date, Petitioner
16  had until April 24, 1997 to file a federal habeas petition. *Patterson*, 251 F.3d at 1246.
17  Petitioner did not constructively file his pending Petition until April 21, 2013 -- 5,841
18  days (approximately 16 years) after the expiration of the limitations period.[3/]
19

---

20
21      [2/]  The Court takes judicial notice of Internet records relating to this action in
22  the state appellate courts (available at http://appellatecases.courtinfo.ca.gov) ("state
23  court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal
24  courts may take judicial notice of related state court documents), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

25      [3/]  Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition
26  is deemed to be filed on the date the prisoner delivers the petition to prison authorities
27  for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule
28  3(d). Absent evidence to the contrary, the Court finds Petitioner constructively filed
(continued...)

Page 3

1    Accordingly, absent some basis for tolling or an alternative start date to the limitations

2    period under 28 U.S.C. § 2244(d)(1), the pending Petition is considerably time-barred.

3    **C.     Statutory Tolling**

4           AEDPA includes a statutory tolling provision that suspends the limitations

5    period for the time during which a "properly-filed" application for post-conviction or

6    other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v.*

7    *Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th

8    Cir. 2005). An application is "pending" until it has achieved final resolution through

9    the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct.

10   2134 (2002). However, to qualify for statutory tolling, a state habeas petition must be

11   filed before the expiration of AEDPA's limitations period. *See Ferguson v. Palmateer*,

12   321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation

13   of the limitations period that has ended before the state petition was filed."); *see also*

14   *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition []

15   that is filed following the expiration of the limitations period cannot toll that period

16   because there is no period remaining to be tolled.").

17          The face of the Petition, attached exhibits, and relevant state court records

18   establish Petitioner filed three state habeas petitions, one in the superior court (case

19   no. BA016268), one in the court of appeal (case no. B246778), and one in the

20   California Supreme Court (case no. S209054), all of which were denied. (Pet. at 5-6,

21   Exs. F-H; state court records.) However, the first of those petitions was not filed until

22   September 4, 2012[4/] (Pet., Ex. F), 5,612 days after AEDPA's limitations period expired

23   _____

24          [3/]   (...continued)

25   the Petition by delivering it to the prison mail system on April 21, 2013, the date
     handwritten by a prison official on the envelope containing the Petition.

26

27          [4/]   It appears Petitioner may have filed an additional petition in the Del Norte
     Superior Court, which was transferred to the Los Angeles Superior Court on

28                                                                        (continued...)

Page 4

1   on April 24, 1997. As a result, Petitioner is not entitled to any statutory tolling.

2   *Ferguson*, 321 F.3d at 823; *Webster*, 199 F.3d at 1259.

3   **D.      Alternative Start of the Statute of Limitations**

4       **1.      State-Created Impediment**

5       In rare instances, AEDPA's one-year limitations period can run from "the date

6   on which the impediment to filing an application created by State action in violation

7   of the Constitution or laws of the United States is removed, if the applicant was

8   prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that

9   the statute of limitations was delayed by a state-created impediment requires

10  establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir.

11  2002). The Petition does not set forth any facts for an alternate start date of the

12  limitations period under this provision.

13      **2.      Newly Recognized Constitutional Right**

14      AEDPA provides that, if a claim is based upon a constitutional right that is

15  newly recognized and applied retroactively to habeas cases by the United States

16  Supreme Court, the one-year limitations period begins to run on the date which the

17  new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C).

18  The Petition does not set forth any facts for an alternate start date of the limitations

19  period under this provision.

20      **3.      Discovery of Factual Predicate**

21      AEDPA also provides that, in certain cases, its one-year limitations period shall

22  run from "the date on which the factual predicate of the claim or claims presented

23  could have been discovered through the exercise of due diligence." 28 U.S.C. §

24  _____

25      4/   (...continued)

26  November 26, 2012. (Pet., Ex. J.) There is no indication of when that petition was filed

27  or its disposition. Absent evidence to the contrary, the Court finds to the extent

    Petitioner did file an additional habeas petition in the superior court, it was filed after

28  the original superior court petition was filed on September 4, 2012.

1  2244(d)(1)(D); *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). The Petition

2  does not set forth any facts for an alternate start date of the limitations period under

3  this provision.

4  **E.    Equitable Tolling**

5      AEDPA's limitations period "is subject to equitable tolling in appropriate

6  cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). Specifically, "a

7  litigant seeking equitable tolling bears the burden of establishing two elements: (1)

8  that he has been pursuing his rights diligently, and (2) that some extraordinary

9  circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct.

10  1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007).

11      However, "[e]quitable tolling is justified in few cases" and "the threshold

12  necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions

13  swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting*

14  *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Additionally, although "we

15  do not require [the petitioner] to carry a burden of persuasion at this stage in order to

16  merit further investigation into the merits of his argument for [equitable] tolling,"

17  *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply

18  developed, and where it indicates that the [alleged extraordinary circumstance did not]

19  cause the untimely filing of his habeas petition, a district court is not obligated to hold

20  evidentiary hearings to further develop the factual record, notwithstanding a

21  petitioner's allegations . . . ." *Roberts v. Marshall*, 627 F.3d, 768, 773 (9th Cir. 2010);

22  *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the

23  record is sufficient to permit the district court - and us on appeal - to evaluate the

24  strength of the petitioner's [equitable tolling] claim, the district court does not

25  necessarily abuse its discretion if it denies the petitioner a hearing.") (cited pursuant

26  to 9th Cir. R. 36-3).

27      Although the Petition is prolix and difficult to construe, the Court finds

28  Petitioner is challenging the trial court's failure, at the time of sentencing, to consider

1    him for civil commitment in the California Youth Authority, instead of remanding him

2    to serve his criminal sentence there before his eventual transfer to an adult prison.

3    (Pet., attached pages ("Attach.") at 2-15.) He also claims his appellate counsel was

4    ineffective for failing to raise this issue on appeal. (Attach. at 6, 8-12, 15.) In

5    articulating these claims, Petitioner places considerable emphasis on his allegation that

6    "prognostic amenability psychiatric youth authority psychologist reports" ("Reports")

7    have been wrongly removed from his central file. He claims these documents would

8    show he was eligible for civil commitment, and that his failure to file a habeas petition

9    sooner was caused by their disappearance and his subsequent efforts to obtain them.

10   (Pet. at 3; Attach. at 1-2.)

11       Giving Petitioner the benefit of all doubt, and construing the Petition as liberally

12   as possible, the Court finds Petitioner's allegations about the Reports constitute an

13   argument for equitable tolling. However, that argument fails both *Pace* requirements.

14   *Pace*, 544 U.S. at 418.

15       First, the absence of the Reports could not have caused Petitioner's untimeliness

16   because he has not been pursuing his rights diligently. By Petitioner's own admission,

17   he did not attempt to locate the Reports or take any action in regard to his sentence

18   until he began preparing for a November 26, 2012 parole consideration hearing.

19   Indeed, he was not even informed anything was missing from his file until September

20   2012, at which time he claims he began making various requests and filing various

21   petitions. (Pet. at 3.) In other words, by the time Petitioner made his first attempt to

22   obtain the Reports, his pending Petition was already untimely by more than 15 years.

23   He falls grossly short of satisfying *Pace*'s diligence requirement. *See Mendoza v.*

24   *Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) (*Pace*'s diligence prong requires the

25   petitioner to show he engaged in reasonably diligent efforts to file his petition

26   *throughout the time the limitations period was running*); *see also Smith v. McGinnis*,

27   208 F.3d 13, 17 (2d Cir. 2000) ("[T]he party seeking equitable tolling must have acted

28   with reasonable diligence throughout the period he seeks to toll.").

1       Second, there is no reason to conclude the alleged action on the part of the

2  government - the removal of the Reports from Petitioner's file - constituted an

3  "extraordinary circumstance." *Pace*, 544 U.S. at 418. Again, by Petitioner's own

4  admission, he was aware of the basis of the claims he now raises as early as 1993,

5  because he states that he asked his appellate counsel to raise the civil commitment

6  issue on direct appeal. (Attach. at 6.) While Petitioner may posit that he cannot

7  *succeed* on his claims without the Reports, it is clear their absence did not prevent him

8  from discovering the issue or filing a timely habeas petition challenging his sentence,

9  which was imposed more than 21 years ago. *See Ramirez v. Yates*, 571 F.3d 993, 997

10  (9th Cir. 2009) (*Pace*'s "extraordinary circumstances" prong requires the petitioner

11  to "additionally show that the extraordinary circumstances were the cause of his

12  untimeliness, and that the extraordinary circumstances made it impossible to file a

13  petition on time.") (internal quotation marks and citations omitted); *see also Velasquez*

14  *v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (equitable tolling rejected where delay

15  in filing was "the result of [the petitioner's] own actions" and not the result of an

16  "external force").

17       Neither the face of the Petition nor Petitioner's attached exhibits show

18  Petitioner is entitled to any equitable tolling.

19                               **O R D E R**

20       Based on the foregoing, the Court finds this action is untimely. Accordingly,

21  Petitioner shall have until **June 6, 2013**, to file a written response and show cause why

22  his Petition should not be dismissed with prejudice because it is time-barred. In

23  responding to this Order, Petitioner must show by declaration and any properly

24  authenticated exhibits what, if any, factual or legal basis he has for claiming that the

25  Court's foregoing analysis is incorrect, or that AEDPA's one-year statute of

26  limitations should be tolled, or the start date extended.

27  ///

28  ///

Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to respond and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.

Further, if Petitioner determines the Court's analysis is correct and the Petition is time-barred, he should consider filing a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response.

IT IS SO ORDERED.

DATED: May 17, 2013

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE